IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRYAN J. LEWIS and
JESSICA LEWIS,

                Plaintiffs,

v.                                      CIVIL ACTION NO.   3:14-24452

STATE FARM FIRE AND CASUALTY COMPANY,
a foreign corporation, and
PATTY EDWARDS,

                Defendants.

**MEMORANDUM ORDER AND OPINION**

Pending before the Court are Defendant Patty Edwards's Motion to Dismiss Plaintiffs' Complaint (ECF No. 4), Plaintiffs' Motion to Stay Motion by Patty Edwards to Dismiss (ECF No. 7), and Plaintiffs' Motion to Remand Case to the Circuit Court of Wayne County (ECF No. 9). For the reasons set forth below, Plaintiffs' Motion to Remand (ECF No. 9) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Wayne County.  Defendant Patty Edwards's Motion to Dismiss (ECF No. 4) and Plaintiffs' Motion to Stay (ECF No. 7) are **DENIED AS MOOT**.

                **I.**        **STATEMENT OF FACTS**

Plaintiffs sued Defendants in state court, alleging that Defendant State Farm Fire and Casualty Company ("State Farm") wrongly denied them insurance coverage when a rock fall damaged their home.  ECF No. 1.  Plaintiffs purchased their insurance policy from Defendant Patty Edwards, a State Farm insurance agent.   Plaintiffs allege that they specifically asked whether the insurance policy they sought to purchase covered damage from rock falls.   ECF No.

10. Plaintiff Bryan Lewis alleges that members of Ms. Edwards's staff told him that the policy covered such damage. ECF No. 10. Plaintiffs further allege that Ms. Edwards "is the only contact that the plaintiffs have had with State Farm and all information that came to them about the policy was through the local agent." ECF No. 10.

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441 and based jurisdiction upon 28 U.S.C. § 1332, which permits cases to be brought in federal court if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. ECF No. 1. The parties agree that the amount in controversy exceeds $75,000. Plaintiffs moved to remand the case to state court, arguing that removal is improper because Defendant Patty Edwards is a citizen of West Virginia and the plaintiffs are citizens of West Virginia. ECF No. 10. Defendants contend that Patty Edwards was fraudulently joined. Defendants argue that Patty Edwards must be dismissed from the action, leaving only diverse parties and thus giving this Court jurisdiction. ECF No. 11.

## II.  LEGAL STANDARD

The burden of proving jurisdiction is on the party seeking removal. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where a party seeks remand to state court based on a lack of complete diversity between the parties, the party seeking removal can prevent remand by demonstrating that the non-diverse party was fraudulently joined. To prove fraudulent joinder and establish jurisdiction, the removing party must show either (1) "outright fraud in the plaintiff's pleading of jurisdictional facts" or (2) that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)).

This jurisdictional inquiry is not the appropriate phase of litigation in which to "resolve . . . various uncertain questions of law and fact." *Id.* at 425. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). As the Fourth Circuit has explained:

> The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). . . . Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

*Hartley*, 187 F.3d at 424, 426 (internal citation omitted). Accordingly, if Plaintiffs have even "a slight possibility of a right to relief" this Court must remand the case. *See id.* at 426.

### III.   DISCUSSION

Defendants contend that Patty Edwards was fraudulently joined because Plaintiffs could not establish a cause of action against her in state court. Plaintiffs respond that issues of insurance agent liability are unsettled in West Virginia and thus there is a possibility that they could obtain relief in state court. In general, when an insurance agent acts within the scope of her employment, and her principal is disclosed, she is not personally liable to the insured. *Benson v. Continental Ins. Co.*, 120 F. Supp. 2d 593, 595 (S.D. W. Va. 2000). Courts have, however, created several exceptions to this rule.

First, in *Keller v. First Nat'l Bank*, 403 S.E.2d 424 (W. Va. 1991), the Supreme Court of Appeals of West Virginia held that where an agent creates a reasonable expectation of insurance coverage, both the insurance company and the agent may be held liable. *See Keller*, 403 S.E.2d at

428. The court later affirmed this holding in *Costello v. Costello*, 465 S.E.2d 620 (W. Va. 1995). In that case, a married couple applied for automobile insurance through an agent. *Costello*, 465 S.E.2d at 351. The wife testified that the agent informed her that she and her husband would receive "identical" insurance coverage. *Id.* at 352. In fact, only the husband was listed on the insurance policy. *Id.* at 351. When the wife later sought to claim coverage under the policy, the court held that the agent may have created a reasonable expectation of coverage for the wife and could be held individually liable if he did so. *Id.* at 353-54.

Just one year later the same court cited a 1987 case, *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488 (1987), for the proposition that "[b]efore the doctrine of reasonable expectations is applicable to an insurance contract, there must be an ambiguity regarding the terms of that contract." *Robertson v. Fowler*, 475 S.E.2d 116, 120 (W.Va. 1996). The court in *Robertson* did not explicitly overturn *Keller* and *Costello*, nor did it explain why this ambiguity principle was not discussed in either of those cases. *See id.* As this Court previously noted, *Robertson* may have implicitly abrogated *Keller* and *Costello*, but the West Virginia courts have never held as much. *See Hill v. John Alden Life Ins. Co.*, 556 F. Supp.2d 571, 574 (S.D. W. Va. 2008). Furthermore, several federal courts in West Virginia have held that the doctrine of reasonable expectations has been "extended" to cover situations "where there is a misconception about the insurance purchased." *See Lawson v. Am. Gen. Assurance Co.*, 455 F. Supp. 2d 526, 531 (S.D. W. Va. 2006) (quoting *Am. Equity Ins. Co. v. Lignetics, Inc.*, 284 F. Supp. 2d 399, 406 (N.D. W. Va. 2003)). The reasonable expectation of coverage exception thus remains a murky area of state law.

Several state courts have also permitted plaintiffs to hold insurance agents individually liable where "(1) a special relationship exists between the insured and the agent, (2) the agent holds

itself out as a specialist in the particular field, or (3) the agent misrepresents the scope or nature of the insured's coverage." *See Hill, Peterson, Carper, Bee & Dietzler, PLLC v. Capital XL Specialty Ins. Co.*, 261 F. Supp. 2d 546, 548 (S.D. W. Va. 2003). In *Hill*, the plaintiff brought claims against its insurance company and agent in state court. *Id.* at 547. After the case was removed on a theory of fraudulent joinder, the plaintiff sought remand. *Id.* The plaintiff alleged that it had a long-standing relationship with the agent and relied on the agent to advise it of its insurance coverage needs and the terms of its policies. *Id.* at 549. In granting the plaintiff's motion to remand, the court held that although West Virginia has yet to address these three exceptions, the plaintiff could potentially have a cause of action predicated on one or more of these theories in West Virginia state court. *Id.*

Here, Plaintiffs contend that Patty Edwards may be held individually liable because her staff affirmatively told Mr. Lewis that his policy provided coverage in the event of a rock fall. Furthermore, Plaintiffs allege that Ms. Edwards was their only point of contact at State Farm and they relied on her for all information regarding their policy. Under these facts, Plaintiffs could potentially prevail under a theory of reasonable expectations, see *Costello*, 465 S.E.2d at 353, or a special relationship with the insurance agent, *see Hill*, 261 F. Supp. 2d 548. Defendants argue that unlike the plaintiffs in *Keller* and *Costello*, Plaintiffs here have not alleged any specific misrepresentations about their insurance coverage. ECF No. 11. In their complaint, Plaintiffs state that Patty Edwards made representations that their insurance policy would provide certain coverage and that she failed to make proper representations and inform them of the terms of their policy. ECF No. 1. Although Plaintiffs may ultimately fail to prove these facts at trial, on a motion to remand the court must resolve all issues of law and fact in favor of the party seeking remand. Furthermore, the Court must not resolve ambiguous legal issues but rather must

determine whether the plaintiffs have even a "glimmer of hope." Given the alleged facts, and the unsettled state of insurance agent liability under West Virginia law, this Court cannot conclude that Plaintiffs have no possibility of a right to relief in state court. Accordingly, the Court **GRANTS** Plaintiffs' motion to remand. As the Court has granted remand and does not retain jurisdiction over this action, the remaining motions are **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand Case to the Circuit Court of Wayne County (ECF No. 9) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Wayne County, West Virginia. Defendant Patty Edwards's Motion to Dismiss Plaintiffs' Complaint (ECF No. 4) and Plaintiffs' Motion to Stay Motion by Patty Edwards to Dismiss (ECF No. 7) are **DENIED AS MOOT**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 5, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE